Freeman. J.,
delivered the opinion of the court:
Harris, complainant, filed his attachment hill in 1874, and attached or impounded a small judgment in favor of defendant against ISTuckels. Uuckels, some two years after this, obtained a judgment against the said C. 0. Harris, for damages, a trespass by his. stock on his property. He now insists he is entitled to set this last judgment off against the judgment 0. 0. Harris had against him, and that, against the attaching creditor, whose attachment or impounding was two years before this last judgment was obtained.
This cannot be done. It is true, the creditor stands in the shoes of his debtor in enforcing his debt, but, when his lien is fixed on the property, it is only subject to equities then existing. — cannot be subjected to equities after created by the parties. — as a matter of course, until judgment, no right of set-off could have existed, if then, it being a case of unliquidated damages for tort. The judgment came too late in this case to be used against previously acquired rights of the creditor.
The other questions suggested have nothing in them. Affirm the decree with costs.